STATE OF WEST VIRGINIA

FILED
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANET L. RICHARDSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1053** (BOR Appeal No. 2048318)
                    (Claim No. 2012008470)

**SPEEDWAY, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Janet L. Richardson, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Speedway, LLC, by Howard G. Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a March 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2012, decision denying the request to add the diagnoses of foraminal and spinal stenosis, subluxation of the vertebra, multilevel disc herniations, and mild degenerative changes as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Richardson worked as a sales clerk for Speedway, LLC. On August 29, 2011, she was assaulted while at work. During the assault, her attacker shoved her repeatedly against a metal sink, which caused a significant bruise on her back. X-rays were taken of Ms. Richardson's back at Wheeling Hospital which showed multilevel disc narrowing. The x-rays Gibbons, FNP-BC, who found that she had full range of motion and released her to return to regular work duty without restrictions. Ms. Richardson returned to work on September 3, 2011,

1

but she continued to receive evaluations from Ms. Gibbons. The claims administrator held Ms. Richardson's claim compensable for a back contusion and determined that she was only eligible for necessary medical treatment and expenses. An MRI was then taken of Ms. Richardson's lumbar spine which revealed multilevel degenerative disc disease and herniations. In light of these findings, Ms. Gibbons placed Ms. Richardson on light work duty and restricted her from lifting more than ten pounds or standing for more than two hours in an eight hour day. Speedway, LLC, was not able to accommodate these restrictions, and Ms. Richardson stopped working. Ms. Richardson was then treated by Matt El-Kadi, M.D., who diagnosed her with foraminal stenosis and several disc protrusions throughout the lumbar spine. Sushil M. Sethi, M.D., then performed an independent medical evaluation of Ms. Richardson. He found that she had reached her maximum degree of medical improvement and required no further medical treatment for her compensable contusion. Dr. Sethi determined that the MRI revealed age-related degenerative disc disease at multiple levels of her spine, and he attributed her ongoing symptoms to this condition. Ross Tennant, FNP, then requested that foraminal and spinal stenosis, subluxation of the vertebra, multiple disc herniations, and mild degenerative changes be added as compensable conditions of the claim. On August 22, 2012, the claims administrator denied Mr. Tennant's request. On March 27, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 23, 2013, leading Ms. Richardson to appeal.

The Office of Judges concluded that the requested diagnoses were pre-existing, naturally occurring, and non-occupational conditions. The Office of Judges concluded that the claims administrator properly denied adding the diagnoses as compensable conditions of the claim. It determined that there was no evidence in the record relating the requested additional diagnoses to the compensable injury. It also found that Mr. Tennant did not provide any evidence supporting the updated diagnoses form he submitted to the claims administrator. The Office of Judges relied on the opinion of Dr. Sethi and his interpretation of the MRI evidence in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Richardson has not demonstrated that the diagnoses of foraminal and spinal stenosis, subluxation of the vertebra, multilevel disc herniations, and mild degenerative changes are causally connected to her compensable injury. The evidence in the record, including the x-ray taken immediately after the injury, indicates that the requested additional conditions pre-existed the compensable injury. Ms. Richardson has also not presented any evidence that the compensable injury aggravated her pre-existing spinal conditions. The record shows that Ms. Richardson's physical injuries were limited to a contusion of the lower back. The treatment notes of Ms. Gibbons and the evaluation of Dr. Sethi demonstrate that this condition has completely resolved.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II